UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BRADLEY A. MALKIN FAMILY LIMITED PARTNERSHIP, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>J. MARIO SANCHEZ, et al.,<br><br>Defendant(s). | Case No. 2:19-CV-1342 JCM (NJK)<br><br>ORDER |

Presently before the court is receiver Diana Mullen's (the "receiver") motion to remand case to state court. (ECF No. 11). The Bradley A. Malkin Family Limited Partnership and Bradley A. Malkin ("plaintiffs") filed a response (ECF No. 15), to which the receiver replied (ECF No. 20).

**I.    Background**

Jose M. Sanchez ("Sanchez") allegedly initiated, executed, and maintained a complex Ponzi scheme that involved several corporate entities, including I-8 & Thornton, LLC; Laughlin River Parcel A, LLC; AZ 10, LLC; AZ 11, LLC; and AZ 21, LLC. (ECF No. 15 at 2–3). Sanchez would solicit investors—including plaintiffs—for money to purportedly form and fund the corporate entities that would, in turn, purchase, develop, and sell real property. *Id.* at 3. Plaintiffs aver that, rather than putting these funds to their proper purpose, "[t]hese funds were effectively stolen and put to work in [Sanchez's] fraudulent scheme." *Id.*

Plaintiffs, who invested over one million dollars with Sanchez, filed suit in the Eighth Judicial District Court of Clark County, Nevada, alleging securities fraud in violation of Nevada Revised Statute ("NRS") § 90.570, fraudulent misrepresentation, breach of fiduciary duty, gross

negligence, conversion, accounting, constructive trust, and tortious breach of the implied covenant of good faith and fair dealing. (ECF No. 3-1). The complaint included a request for the appointment of a receiver, who was appointed on August 7, 2018. (ECF No. 11 at 2–3).

On July 2, 2019, Sanchez filed for chapter 11 bankruptcy. *Id.* at 3. Plaintiffs then removed the case to this court and requested that the case be referred to the bankruptcy court. (ECF Nos. 1, 4). The receiver then filed the instant motion to remand. (ECF No. 11).

## II. Legal Standard

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental*

*Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

### III. Discussion

Plaintiffs did not remove the instant action on the basis of 28 U.S.C. § 1441, and for good reason. The underlying claims are all state law claims. Plaintiffs do not allege diversity of citizenship, nor can they.[1]

Instead, plaintiff removed this case pursuant to 28 U.S.C. § 1452. With a few exceptions not applicable here, 28 U.S.C. § 1452(a) provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). However, § 1334 states as follows:

> Upon timely motion of a party in a proceeding based upon a [s]tate law claim or [s]tate law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a [s]tate forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Further, the language of § 1452 itself provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

*1. Plaintiffs' claims are related to Sanchez's bankruptcy proceeding*

A proceeding is "related to" a bankruptcy when "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (citation omitted) (emphasis removed). This some-conceivable-effect test is a broad one. *See, e.g.*, *Fenicle v. Boise Cascade Co.*, No. 15-CV-02398-TEH, 2015 WL 5948168, at *5 (N.D. Cal. Oct. 13, 2015). A case has some conceivable effect on the estate

---

[1] Plaintiffs are a Nevada limited partnership and a Nevada resident. (ECF No. 3-1 at 3). Defendant Sanchez is a Nevada resident, and all nominal defendants are Nevada limited liability companies. *Id.* at 3–4.

if "the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Fietz*, 852 F.2d at 457.

Plaintiffs assert that their "case is directly *related to* the [b]ankruptcy [c]ase" and their "claims are inextricably *intertwined with* administration of the [b]ankruptcy [c]ase." (ECF No. 15 at 7–8, 12 (emphasis added)). The court agrees.

The instant action may have a variety of effects on debtor-defendant Sanchez's bankruptcy case and the distribution of his estate. For instance, several of plaintiffs' claims sound in fraud, which the bankruptcy court may determine to be nondischargeable under 11 U.S.C. § 523(a)(2). Another claim includes breach of fiduciary duty, which the bankruptcy court may determine to be nondischargeable under 11 U.S.C. § 523(a)(4). Further, if the bankruptcy court decides that Sanchez willfully and maliciously injured plaintiffs, Sanchez's debt may be nondischargeable under 11 U.S.C. § 523(a)(6). Sanchez's plan or reorganization may change depending on whether these debts are dischargeable or not.

If the claims underlying this case result in Sanchez remaining liable for certain nondischargeable obligations, it would invariably have a substantial effect on the administration of Sanchez's estate. Thus, the court finds that the instant action is "related to" the bankruptcy proceeding.

*2. Equitable grounds to remand*

The court next decides whether there are equitable grounds that militate toward remand as authorized by § 1452(b). "This 'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *In re McCarthy*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999). When considering whether to remand on equitable grounds, courts consider several nonexclusive factors, including:

> (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to plaintiffs from removal.

*Hopkins v. Plant Insulation Co.*, 349 B.R. 805, 813 (N.D. Cal. 2006) (citing *Williams v. Shell Oil Co.*, 169 B.R. 684, 692-93 (S.D. Cal. 1994)); *see also Fed. Home Loan Bank of Chicago v. Banc of Am. Sec. LLC*, 448 B.R. 517, 525 (C.D. Cal. 2011). "Because Section 1452(b) affords 'an unusually broad grant of authority,' any one of the relevant factors may provide a sufficient basis for equitable remand." *Fed. Home Loan Bank of Chicago*, 448 B.R. at 525 (quoting *In re Roman Catholic Bishop of San Diego,* 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007)).

"Courts have granted equitable remand solely on the basis of a party's entitlement to a jury trial when that party's action was not a 'core proceeding.'" *Fed. Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc.*, 736 F. Supp. 2d 1283, 1290–91 (W.D. Wash. 2010) (citing *Zweygardt v. Colorado National Bank of Denver,* 52 B.R. 229 (Bankr.D.Colo.1985)); *see also Fed. Home Loan Bank of Chicago*, 448 B.R. at 526. "Core proceedings" are defined by 28 U.S.C. § 157(b)(2) as follows:

> (2) Core proceedings include, but are not limited to—
>
> (A) matters concerning the administration of the estate;
>
> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 [11 USCS §§ 1101 et seq., 1201 et seq. or 1301 et seq.] but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
>
> (C) counterclaims by the estate against persons filing claims against the estate;
>
> (D) orders in respect to obtaining credit;
>
> (E) orders to turn over property of the estate;
>
> (F) proceedings to determine, avoid, or recover preferences;
>
> (G) motions to terminate, annul, or modify the automatic stay;
>
> (H) proceedings to determine, avoid, or recover fraudulent conveyances;
>
> (I) determinations as to the dischargeability of particular debts;
>
> (J) objections to discharges;
>
> (K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

(P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

28 U.S.C. § 157(b)(2).

When, as here, a claim is not listed in § 157(b)(2), the court "consider[s] factors such as whether the rights involved exist independent of title 11, depend on state law for their resolution, existed prior to the filing of a bankruptcy petition, or were significantly affected by the filing of the bankruptcy case." *Johnston Envtl Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 617 (9th Cir. 1993) (quoting *Taxel v. Electronic Sports Research (In re Cinematronics, Inc.),* 916 F.2d 1444, 1450 n.5 (9th Cir. 1990)) (quotation marks omitted). The Fifth Circuit's holding in *Wood v. Wood* is instructive:

> [B]ankruptcy judges may exercise full judicial power over only those controversies that implicate the peculiar rights and powers of bankruptcy or, in Justice Brennan's words, controversies "at the core of the federal bankruptcy power." Second, controversies that do not depend on the bankruptcy laws for their existence—suits that could proceed in another court even in the absence of bankruptcy—are not core proceedings.

*Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir. 1987) (quoting *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 72 n.26 (1982)).

Admittedly, as plaintiffs contend, the instant action may arguably "concern[] the administration of the estate; allowance or disallowance of claims against the estate . . .; [or] . . . affect[] the liquidation of the assets of the estate" under § 157(b)(2) subsections (A), (B), or (O). However, the Fifth Circuit expressly rejected this interpretation: "to give such a broad reading to

James C. Mahan
U.S. District Judge

- 6 -

subsection 157(b)(2)(O); otherwise, the entire range of proceedings under bankruptcy jurisdiction would fall within the scope of core proceedings, a result contrary to the ostensible purpose of the 1984 Act." *Wood v. Wood*, 825 F.2d at 95. The Ninth Circuit has described subsections (A) and (O) as "catch-all provisions," and similarly held that "[s]tate law contract claims that arguably fall within these catch-all provisions have been held to be 'noncore' 'related proceedings' under § 157(c)." *In re Castlerock Properties*, 781 F.2d 159, 162 (9th Cir. 1986) (citations omitted).

In light of the Ninth Circuit's holding in *In re Castlerock Properties*, the court finds that plaintiff's claims are a non-core proceeding. Plaintiffs' claims, although not contractual, are all grounded entirely in state law—a fact that plaintiffs do not contest. (ECF No. 15 at 9–10). Instead, they argue that their claims are grounded in straightforward state law. *Id.* at 10. But state law provides that Sanchez has a right to a jury trial on these purportedly-straightforward state law claims. Indeed, the record indicates that Sanchez demanded a jury trial on March 19, 2018. (ECF No. 1-1 at 9). Thus, Sanchez's right to a jury trial on these entirely-state-law claims is, itself, equitable grounds for remand because the claims are a "non-core" proceeding.

Section 502(c)(3) of the bankruptcy code allows the bankruptcy court to estimate the value of "any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case." 11 U.S.C. § 502(c)(2). Consequently, nothing prevents the bankruptcy court from continuing to administer the estate while respecting the authority of the state court to determine the state law claims at issue and Sanchez's right to a jury trial.

Therefore, the receiver's motion to remand is granted.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that receiver's motion to remand to state court (ECF No. 11) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 7 -

IT IS FURTHER ORDERD that the matter of *The Bradley A. Malkin Family Limited Partnership et al v. Sanchez et al*, case number 2:19-cv-01324-JCM-NJK, be, and the same hereby is, REMANDED to the Eighth Judicial District Court.

The clerk shall close the case accordingly.

DATED October 17, 2019.

_____
UNITED STATES DISTRICT JUDGE